**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELOISA TORRES and WESLEY V. HARRIS,          No. C 10-04761 CW

         Plaintiffs,                         ORDER GRANTING
                                             DEFENDANT'S
    v.                                       MOTION TO DISMISS
                                             AND DENYING
WELLS FARGO HOME MORTGAGE, INC.,             PLAINTIFFS'
                                             MOTION FOR AN
         Defendant.                          EXTENSION OF TIME
_____/     TO FILE AN
                                             AMENDED COMPLAINT
                                             (Docket Nos. 8
                                             and 18)

     Defendant Wells Fargo Bank, N.A., sued as Wells Fargo Home

Mortgage, Inc., moves to dismiss the complaint of <u>pro se</u> Plaintiffs

Eloisa Torres and Wesley V. Harris.  Plaintiffs oppose the motion.

After briefing closed on Wells Fargo's motion to dismiss,

Plaintiffs filed a motion for an extension of forty-five days to

file an amended complaint.  The motions were taken under submission

on the papers.  Having considered the papers submitted by the

parties, the Court GRANTS Wells Fargo's motion to dismiss and

DENIES Plaintiffs' motion for an extension of time.

                            BACKGROUND

     Plaintiffs' complaint is composed, for the most part, of

general allegations about the mortgage industry.[1]  The only

specific allegation is that Plaintiffs "entered into a consumer

contract for the refinance of a primary residence located at 15561

_____

     [1] Plaintiffs' complaint is largely identical to the pleadings
filed in <u>Padilla v. One West Bank</u>, Case No. C 10-4080 CW; <u>Blackwell
v. Wells Fargo Home Mortgage</u>, Case No. C 10-4917 JF; and <u>Bennett v.
Suntrust Mortgage, Inc.</u>, Case No. 10-3375 JF.

Oceanside Way San Leandro CA 94579." Compl. 1. The complaint then alleges that "Defendants, acting in concert and collusion with others, induced Petitioner to enter into a predatory loan agreement with Defendant."[2] Plaintiffs do not identify the role Wells Fargo played in the violations that they allege in their complaint.

The following information is taken from documents tendered by Wells Fargo.[3] On June 26, 2006, Plaintiffs obtained a $600,000 loan from Provident Funding Associates, L.P. Def.'s Request for Judicial Notice (RJN), Ex. A, 1. The loan was secured by a deed of trust (DOT) that named First American Title Company as trustee and Mortgage Electronic Registration Systems, Inc. (MERS) as beneficiary. Id. Under the DOT, Plaintiffs granted the Oceanside Way property to First American Title Company in trust with a power of sale. Id. at 3.

On February 1, 2010, a notice of default and election to sell under the DOT was recorded. RJN, Ex. B. The notice indicated that, as of January 29, 2010, Plaintiffs were $57,751.43 in arrears on their mortgage. Id. at 1. A declaration filed in support of the notice of default was signed by Wells Fargo's Vice President of Loan Documentation. The declaration did not state the role Wells Fargo played in Plaintiffs' loan.

On April 6, 2010, MERS substituted First American LoanStar

---

[2] Although Plaintiffs' allegations speak of "Defendants," they name only one Defendant, Wells Fargo Home Mortgage, Inc.

[3] Plaintiffs do not oppose Wells Fargo's request for judicial notice of documents recorded in the Alameda County Clerk-Recorder's Office that are related to their mortgage. Accordingly, the Court GRANTS Wells Fargo's request.

United States District Court
For the Northern District of California

Trustee Services LLC for First American Title Company as trustee on the DOT.  RJN, Ex. C at 1.  On April 29, 2010, MERS assigned its beneficial interest in the DOT to HSBC Bank USA, N.A., as Trustee for Wells Fargo Asset Securities Corporation Mortgage Pass-Through Certificates Series 2006-14 (HSBC Bank).  RJN, Ex. D, 1.

On May 11, 2010, First American LoanStar recorded a notice of trustee's sale, which stated that the Oceanside Way property would be sold at a public auction on June 1, 2010.  RJN, Ex. E.  A declaration accompanying the notice was signed by Marsha Graham, one of Wells Fargo's assistant vice presidents.  Id. at 2.

The Oceanside Way property was sold on September 17, 2010, not on June 1, 2010 as indicated in the notice of trustee's sale.  RJN, Ex. F, 2.  HSBC Bank purchased the Oceanside Way property.  Id. at 1.

In the "Causes of Action" section of their complaint, Plaintiffs assert the following claims: (1) breach of fiduciary duty; (2) negligence and negligence per se; (3) fraud; (4) breach of the covenant of good faith and fair dealing; (5) violation of the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 et seq.; and (6) intentional infliction of emotional distress.  Plaintiffs seek damages in the amount of $934,442.92, punitive damages in the amount of $2,803,328.76, rescission of the loan contract, quiet title to the Oceanside Way property and an injunction enjoining Wells Fargo from engaging in fraudulent, deceptive, predatory and

United States District Court
For the Northern District of California

1    negligent acts.[4]

2                        LEGAL STANDARD

3         A complaint must contain a "short and plain statement of the

4    claim showing that the pleader is entitled to relief."  Fed. R.

5    Civ. P. 8(a).  When considering a motion to dismiss under Rule

6    12(b)(6) for failure to state a claim, dismissal is appropriate

7    only when the complaint does not give the defendant fair notice of

8    a legally cognizable claim and the grounds on which it rests.

9    <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  In

10   considering whether the complaint is sufficient to state a claim,

11   the court will take all material allegations as true and construe

12   them in the light most favorable to the plaintiff.  <u>NL Indus., Inc.</u>

13   <u>v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986).  However, this

14   principle is inapplicable to legal conclusions; "threadbare

15   recitals of the elements of a cause of action, supported by mere

16   conclusory statements," are not taken as true.  <u>Ashcroft v. Iqbal</u>,

17   ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing <u>Twombly</u>, 550

18   U.S. at 555).

19        When granting a motion to dismiss, the court is generally

20   required to grant the plaintiff leave to amend, even if no request

21   to amend the pleading was made, unless amendment would be futile.

22   <u>Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.</u>, 911

23   F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment

24   would be futile, the court examines whether the complaint could be

25   _____

26        [4] Plaintiffs allude to other statutes in the "General
     Allegations" section of their complaint.  However, only these six
27   causes of action are listed after the heading, "Causes of Action."

28                              4

United States District Court
For the Northern District of California

amended to cure the defect requiring dismissal "without
contradicting any of the allegations of [the] original complaint."
Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

DISCUSSION

Plaintiffs' opposition appears to be a form response, largely
identical to that filed in Padilla, and fails to address arguments
raised in Wells Fargo's motion to dismiss.  Their opposition, like
their complaint, also does not explain Wells Fargo's role with
respect to their loan.  However, Plaintiffs address a claim for
violations of the Real Estate Settlement Procedures Act (RESPA), 12
U.S.C. §§ 2601, et seq.  Although their complaint does not contain
such a claim, the Court considers and dismisses it below.

I.   Set Aside of Foreclosure Sale

Wells Fargo argues that Plaintiffs' entire complaint must be
dismissed because they lack standing to challenge the foreclosure
sale.  This argument sweeps too broadly.

It is not evident that Plaintiffs are challenging the
September, 2010 sale of the Oceanside Way property.  Even if they
are, they have not offered a basis to set it aside.  A plaintiff
seeking to set aside a foreclosure sale must first allege tender of
the amount of the secured indebtedness.  Abdallah v. United Savings
Bank, 43 Cal. App. 4th 1101, 1109 (1996) (citing FPCI RE-HAB 01 v.
E & G Investments, Ltd., 207 Cal. App. 3d 1018, 1021-22 (1989));
Smith v. Wachovia, 2009 WL 1948829, at *3 (N.D. Cal.).  Without
pleading tender or the ability to offer tender, a plaintiff cannot
state a cause of action to set aside a foreclosure sale.  Karlsen
v. Am. Savings & Loan Ass'n, 15 Cal. App. 3d 112, 117 (1971)

5

(citing <u>Copsey v. Sacramento Bank</u>, 133 Cal. 659, 662 (1901));

<u>Smith</u>, 2009 WL 1948829, at *3 (citing <u>Karlsen</u>).

Plaintiffs have not alleged facts that warrant setting aside the foreclosure sale.  Even if they had, Plaintiffs do not allege tender or the current ability to offer tender.  Thus, to the extent that they seek to set aside the foreclosure sale, Plaintiffs offer no basis to do so.  This does not, however, warrant dismissal of their entire complaint.

II.  Quiet Title

Plaintiffs ask that title in the Oceanside Way property be quieted in their favor.  To state a claim for quiet title under California law, a plaintiff's complaint must contain: (1) a description of the property; (2) the title of the plaintiff and its basis; (3) the adverse claims to that title; (4) the date as of which the determination is sought; and (5) a prayer for relief of quiet title.  Cal. Civ. Proc. Code § 761.020.

Plaintiffs do not allege that Wells Fargo has asserted any adverse claim to title in the Oceanside Way property.  Plaintiffs' opposition discusses a lender's rights with respect to the property, but they do not aver that Wells Fargo was their lender; as noted above, Provident Funding was named as Plaintiffs' lender in the DOT.

Even if Wells Fargo asserted a claim against the property, Plaintiffs have failed to plead facts that tend to show that they have a colorable claim to the property.  Plaintiffs appear to assert that they still hold title because no lender ever presented them with the original promissory note and, as a result, the

6

foreclosure sale was improper.  However, in California, there is no requirement that a trustee produce the original promissory note prior to a non-judicial foreclosure sale.  <u>See, e.g.</u>, <u>Pantoja v. Countrywide Home Loans, Inc.</u>, 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009); <u>Smith v. Wachovia</u>, 2009 WL 1948829, at *3 (N.D. Cal.); <u>Neal v. Juarez</u>, 2007 WL 2140640, *8 (S.D. Cal.).  California Civil Code sections 2924 through 2924k "provide a comprehensive framework for the regulation of a non-judicial foreclosure sale pursuant to a power of sale contained in a deed of trust." <u>Knapp v. Doherty</u>, 123 Cal. App. 4th 76, 86 (2004) (quoting <u>Moeller v. Lien</u>, 25 Cal. App. 4th 822, 830 (1994)).  <u>Knapp</u> explains the non-judicial foreclosure process as follows:

> Upon default by the trustor [under a deed of trust containing a power of sale], the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale.  The foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee.  After the notice of default is recorded, the trustee must wait three calendar months before proceeding with the sale.  After the 3-month period has elapsed, a notice of sale must be published, posted and mailed 20 days before the sale and recorded 14 days before the sale.

<u>Knapp</u>, 123 Cal. App. 4th at 86 (citation omitted).  "A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender." <u>Id.</u> at 87. Plaintiffs have not alleged actionable irregularities in the non-judicial foreclosure sale.  Thus, it appears that the September, 2010 sale resolved ownership rights to the property.

Plaintiffs have not alleged that Wells Fargo has asserted a claim to the property, nor have they have alleged facts tending to show that they have a colorable claim of title.  Accordingly,

United States District Court
For the Northern District of California

Plaintiffs' request to quiet title is dismissed with leave to amend.

III. Breach of Fiduciary Duty

Absent special circumstances, a loan transaction, like all ordinary banking transactions, does not establish a fiduciary relationship between the borrower and lender. Oaks Mgmt. Corp. v. Superior Court, 145 Cal. App. 4th 453, 466 (2006); see also Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989) ("A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such. The same principle should apply with even greater clarity to the relationship between a bank and its loan customers."). Generally, a financial institution does not owe a borrower a duty of care. Nymark v. Heart Fed. Sav. & Loan Ass'n, 213 Cal. App. 3d 1089, 1095-96 (1991).

Plaintiffs did not respond to Wells Fargo's argument that they have not alleged facts suggesting that it was their fiduciary. Instead, in their opposition, Plaintiffs complain about their lender's role in their original loan transaction. However, as already noted, Plaintiffs' DOT names Provident Funding, not Wells Fargo, as their lender. Even if Wells Fargo were their lender, Plaintiffs do not allege facts to suggest that there were special circumstances surrounding the loan transaction that gave rise to a fiduciary relationship.

Accordingly, Plaintiffs' breach of fiduciary duty claim is dismissed. Plaintiffs are granted leave to amend to allege facts that support their assertion that Wells Fargo was their fiduciary.

IV.  Negligence and Negligence Per Se

Plaintiffs plead claims for negligence and "negligence per se."

To state a claim for negligence, a plaintiff must allege (1) the defendant's legal duty of care to the plaintiff; (2) the defendant's breach of duty; (3) injury to the plaintiff as a result of the breach; and (4) damage to the plaintiff. <u>Hoyem v. Manhattan Beach City Sch. Dist.</u>, 22 Cal. 3d 508, 513 (1978). "The legal duty of care may be of two general types: (a) the duty of a person to use ordinary care in activities from which harm might reasonably be anticipated, or (b) an affirmative duty where the person occupies a particular relationship to others." <u>McGettigan v. Bay Area Rapid Transit Dist.</u>, 57 Cal. App. 4th 1011, 1016-17 (1997). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." <u>Nymark</u>, 231 Cal. App. 3d at 1095; <u>see also</u> <u>Kinner v. World Savings & Loan Ass'n</u>, 57 Cal. App. 3d 724, 732 (1976) (holding no duty of care owed by lender to borrower to ensure adequacy of construction loan); <u>Wagner v. Benson</u>, 101 Cal. App. 3d 27, 35 (1980) (finding no duty owed by lender to borrower where lender is not involved extensively in borrower's business). Courts, including this one, have applied this rule to loan servicers. <u>See, e.g.</u>, <u>Hendrickson v. Popular Mortg. Servicing, Inc.</u>, 2009 WL 1455491, *7 (N.D. Cal.); <u>Marks v. Ocwen Loan Servicing</u>, 2008 WL 344210, *6 (N.D. Cal.).

Negligence per se is not a cause of action, but rather an

evidentiary presumption that a party failed to exercise due care if

> (1) He violated a statute, ordinance, or regulation of a public entity;

> (2) The violation proximately caused death or injury to person or property;

> (3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and

> (4) The person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

Cal. Evid. Code § 669.

Plaintiffs allege that Wells Fargo "owed a general duty of care . . . to perform due diligence as to" their loan and to avoid marketing loans they knew that borrowers could not afford.  Compl. 28-29.  In their opposition, they also assert that Wells Fargo also had a duty of care under TILA, RESPA, the Home Ownership and Equity Protection Act (HOEPA) and related regulations.  The allegations supporting their negligence claim focus on the original loan agreement, which they executed in June, 2006.  However, Plaintiffs do not allege that Wells Fargo was involved in the original loan transaction, nor do any of the proffered loan documents suggest that it was.  Therefore, Wells Fargo could not have undertaken any of the improper acts alleged in this cause of action.

Further, Wells Fargo notes that Plaintiffs' negligence claim was not filed within two years of the date of the alleged injury, as required by the statute of limitations.  Cal. Civ. Proc. Code § 335.1.  Plaintiffs did not respond directly to this argument.

United States District Court
For the Northern District of California

Instead, they include in their opposition a general section on "Statute of Limitations / Equitable Tolling," in which they complain that they were victims of fraud and ask that all limitations periods be equitably tolled.

Plaintiffs' arguments appear to implicate the doctrine of equitable estoppel, not equitable tolling. As explained by the California Supreme Court,

> Equitable tolling and equitable estoppel are distinct doctrines. Tolling, strictly speaking, is concerned with the point at which the limitations period begins to run and with the circumstances in which the running of the limitations period may be suspended. Equitable estoppel, however, comes into play only after the limitations period has run and addresses the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period.

Lantzy v. Centex Homes, 31 Cal. 4th 363, 383 (2003) (citations and internal quotation and editing marks omitted). Fraud that prevents a party from filing suit could justify estopping a defendant from asserting a statute of limitations defense. Id. at 384. However, Plaintiffs fail to plead that Wells Fargo engaged in any fraud that precluded them from filing suit. Thus, equitable estoppel is not warranted.

Plaintiffs have not stated a claim for negligence and are not entitled to a presumption of negligence per se. Further, their negligence claim appears to be time-barred. Accordingly, their negligence claim is dismissed. Plaintiffs are granted leave to amend to plead facts that support a negligence claim that is not barred by the two-year statute of limitations.

11

V.   Fraud

In this cause of action, Plaintiffs allege that unnamed "Agents" made misrepresentations with the intention of inducing Plaintiffs to act in reliance on them.

Because all of Plaintiffs' allegations of fraud address the loan origination and closing procedures, they do not implicate Wells Fargo, which does not appear to have been involved in these transactions.  Therefore, Wells Fargo is not the proper party on this claim.  Also, Plaintiffs' allegations lack the specificity required under Federal Rule of Civil Procedure 9(b) for all claims sounding in fraud.  <u>See</u> Fed. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."); <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1439 (9th Cir. 1987) (allegations must include the time, place and nature of the alleged fraudulent activities).  Therefore, Wells Fargo's motion to dismiss this claim is granted.  Plaintiffs are granted leave to amend to plead specific facts, including the time, place and nature of Wells Fargo's alleged fraudulent conduct.

VI.  Breach of the Covenant of Good Faith and Fair Dealing

Under California law, "[t]he prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract."  <u>Smith v. City & County of S.F.</u>, 225 Cal. App. 3d 38, 49 (1990).

Plaintiffs have not alleged that they have any direct contractual relationship with Wells Fargo.  In their opposition,

12

United States District Court
For the Northern District of California

Plaintiffs do not address Wells Fargo's argument on this point. Therefore, Plaintiffs' claim for breach of the covenant of good faith and fair dealing is dismissed.  They are granted leave to amend to plead the nature of their contract with Wells Fargo, if any, and how it was breached.

VII. Truth in Lending Act

TILA was enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1169 (9th Cir. 2003) (citing 15 U.S.C. § 1601(a)).  If required disclosures are not made, the consumer may obtain damages or seek to rescind the loan.  Id. at 1170; Martinez v. EMC Mortg. Corp., 2009 WL 2043013, *5 (E.D. Cal.).

The only parties who can be liable for TILA violations are the original creditor and assignees of that creditor.  15 U.S.C. §§ 1640, 1641; Redic v. Gary H. Watts Realty Co., 762 F.2d 1181, 1185 (4th Cir. 1985); Nevis v. Wells Fargo Bank, 2007 WL 2601213, *2 (N.D. Cal.).  Servicers of consumer obligations are not treated as assignees for purposes of imposing liability unless they are also the owner of the obligation.  15 U.S.C. § 1641(f); Chow v. Aegis Mortg. Corp., 286 F. Supp. 2d 956, 959 (N.D. Ill. 2003).

Here, Provident Funding was the original lender of the loan; Plaintiffs did not plead, nor are there any documents that show, that Wells Fargo is an assignee of Provident Funding.  Because Wells Fargo is not the original lender or the assignee of the lender, it is not a proper party to a TILA action and, therefore,

13

**United States District Court**
For the Northern District of California

1   this claim is dismissed.

2       Moreover, Wells Fargo cannot be liable for damages because the

3   one-year statute of limitations has expired.  15 U.S.C. § 1640(e).

4   Plaintiffs executed the loan agreement in June, 2006 but filed

5   their lawsuit in September, 2010.  Thus, the TILA claim for damages

6   is untimely.  Their attempt to seek equitable relief from the

7   statute of limitations fails for the reasons stated above.

8       Plaintiffs' TILA claim for rescission fails because the

9   Oceanside Way property has already been sold.  See Beach v. Ocwen

10  Fed. Bank, 523 U.S. 410, 411 (1998) (stating that 15 U.S.C.

11  § 1635(f) provides that right of rescission expires three years

12  after loan closes or upon the sale of secured property, whichever

13  is earlier).  Furthermore, Plaintiffs have not alleged the present

14  ability to tender amounts owed under the loan.  Courts have

15  discretion to condition rescission under TILA on tender by the

16  borrower of funds received from the lender.  Yamamoto, 329 F.3d at

17  1171; Martinez v. EMC Mortg. Corp., 2009 WL 2043013 *6 (E.D. Cal.)

18  (noting "absent meaningful tender, TILA rescission is an empty

19  remedy, not capable of being granted").  Plaintiffs do not respond

20  to Wells Fargo's argument that they must tender amounts owed under

21  the loan.

22      For all of the reasons above, the Court grants Wells Fargo's

23  motion to dismiss the TILA claim.  Plaintiffs are granted leave to

24  amend to plead facts showing that Wells Fargo is a proper TILA

25  defendant and that support equitable relief from the one-year

26  statute of limitations for damages.

27

28                                 14

VIII. Intentional Infliction of Emotional Distress

A claim of intentional infliction of emotional distress requires a plaintiff to plead: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991). The conduct must be so extreme as to "exceed all bounds of that usually tolerated in a civilized community," id., and the distress so severe "that no reasonable man in a civilized society should be expected to endure it," Fletcher v. W. Nat'l Life Ins. Co., 10 Cal. App. 3d 376, 397 (1970).

Plaintiffs allege that the action of Wells Fargo, "driven as it was by profit at the expense of increasingly highly leveraged and vulnerable consumers who placed their faith and trust in the superior knowledge and position of Defendants," constituted extreme and outrageous conduct. Compl. 32. Plaintiffs' complaint, however, fails to allege sufficient facts showing extreme and outrageous conduct. Thus, Plaintiffs do not state a claim for intentional infliction of emotional distress against Wells Fargo.

IX. Real Estate Settlement Procedures Act

Although Plaintiffs do not include a claim for violation of RESPA, 12 U.S.C. §§ 2601 et seq., in the section of the complaint entitled, "Causes of Action," the Court addresses it because Plaintiffs mention it several times in the "General Allegations" section of their complaint and in their opposition.

United States District Court
For the Northern District of California

Plaintiffs do not make clear under which sections of RESPA they bring their claim.  However, they allege that they made a request for the production of the original promissory note and imply that Wells Fargo did not respond.  Compl. at 2.  This may be a claim under § 2605 for a response to a qualified written request.

The statute of limitation for § 2605 claims is three years, see 12 U.S.C. § 2614, and thus, a § 2605 claim premised on Plaintiffs' request for documents from Wells Fargo may not be time-barred.  RESPA places a duty upon loan servicers to respond to "qualified written requests."  Lawther v. Onewest Bank, 2010 WL 4936797, *6 (N.D. Cal.).  A qualified written request is one that includes identifying information about the borrower and provides "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."  12 U.S.C. § 2605(c)(1).  The request must be related to the servicing of the loan, and the servicer must provide a written response acknowledging receipt of the correspondence within twenty days, unless the requested action is taken within that period.  Lawther, 2010 WL 4936797 at *6.  A loan servicer must respond only if the information requested is related to loan servicing.  Id.  If a loan servicer fails to comply with the provisions of § 2605, a borrower is entitled to any actual damages as a result of the failure.  Id.  The plaintiff must include, at the pleading stage, a demonstration of some actual pecuniary loss.  Id.  The plaintiff must also allege a causal relationship between the alleged damages and the RESPA violation.

16

1  <u>Id.</u> at *7.

2      It is possible that Plaintiffs could state a claim under

3  § 2605 against Wells Fargo.  However, they have not alleged that

4  Wells Fargo was the servicer of their loan, that they made a

5  qualified request for information related to the servicing of their

6  loan, that Wells Fargo did not respond to their request in

7  accordance with § 2605 and that this failure caused them to suffer

8  damages.  Therefore, the RESPA claim is dismissed with leave to

9  amend to correct these deficiencies.

10 X.   Preliminary Injunction

11     Attached to Plaintiffs' complaint, but not filed as a separate

12 document, is a "Petition for Preliminary Injunction" that asks the

13 Court to enjoin Wells Fargo from foreclosing on the Oceanside Way

14 property.  However, as noted above, the property was foreclosed in

15 September, 2010, before Plaintiffs' lawsuit was filed.

16 Accordingly, Plaintiffs' request for a preliminary injunction is

17 denied as moot.

18                          CONCLUSION

19     For the foregoing reasons, Wells Fargo's motion to dismiss is

20 GRANTED.  (Docket No. 8.)  The Court's rulings are summarized as

21 follows:

22     1.   Any challenge of the September, 2010 foreclosure sale

23          fails because Plaintiffs have not plead tender of the

24          amounts owed on their loan or the ability to offer

25          tender.  Plaintiffs are granted leave to amend to cure

26          this deficiency.

27     2.   Plaintiffs' request that title be quieted in their favor

28                              17

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    is dismissed.  Plaintiffs are granted leave to amend to

2    allege that Wells Fargo has asserted an adverse claim

3    against the Oceanside Way property and that they have a

4    colorable claim to it.

5    3.   Plaintiffs' claim for breach of fiduciary duty is

6         dismissed.  They are granted leave to amend to allege

7         facts demonstrating that they had a fiduciary

8         relationship with Wells Fargo.

9    4.   Plaintiffs' claim for negligence fails, they are not

10        entitled to avail themselves of the evidentiary

11        presumption of negligence per se and their negligence

12        claim appears to be time-barred.  They are granted leave

13        to amend to plead facts concerning Wells Fargo's

14        negligent conduct and that suggest their negligence claim

15        is not time-barred.

16   5.   Plaintiffs' fraud claim fails because they have not

17        alleged, with sufficient specificity, that Wells Fargo

18        engaged in any fraudulent conduct.  They are granted

19        leave to amend to plead specific facts concerning the

20        time, place and nature of Wells Fargo's alleged fraud.

21   6.   Plaintiffs' claim for breach of the covenant of good

22        faith and fair dealing is dismissed.  They are granted

23        leave to amend to plead the nature of their contract with

24        Wells Fargo, if any, and how it was breached.

25   7.   Plaintiffs' TILA claim for damages is dismissed with

26        leave to amend to allege facts demonstrating that Wells

27        Fargo was an assignee of its lender and that they are

28                                   18

1   entitled to equitable relief from the one-year statute of

2   limitations.  Plaintiffs' TILA claim for rescission is

3   dismissed with prejudice as barred by the foreclosure

4   sale of the Oceanside Way property.

5   8.   Plaintiffs' claim for intentional infliction of emotional

6   distress is dismissed with leave to amend to plead the

7   nature of the extreme and outrageous conduct committed by

8   Wells Fargo.

9   9.   Plaintiffs' RESPA claim is dismissed with leave to amend

10   to plead, if they can truthfully do so, that Wells Fargo

11   was their loan servicer, that it committed RESPA

12   violations within the three-year statute of limitations

13   and that they suffered damages as a result.

14   10.   Plaintiffs' request that the Court enjoin the sale of the

15   Oceanside Way property is denied as moot.

16   Plaintiffs are granted leave to amend their complaint so long

17   as they can truthfully cure the deficiencies noted above.

18   Plaintiffs shall file their amended complaint fourteen days from

19   the date of this Order.  Although Plaintiffs request forty-five

20   days in their motion, they do not justify such an extension; thus,

21   their motion for an extension of time is DENIED.  (Docket No. 18.)

22   Plaintiffs' failure to file a complaint within fourteen days will

23   result in the dismissal of their action for failure to prosecute.

24   If Plaintiffs file an amended complaint, Wells Fargo shall

25   answer or move to dismiss twenty-one days after it is filed.

26   Plaintiffs shall file an opposition fourteen days after Wells Fargo

27   files a motion to dismiss.  Any reply, if necessary, shall be due

28   19

1   seven days after Plaintiffs file their opposition.  Any motion to

2   dismiss will be taken under submission on the papers.  Plaintiffs'

3   failure to comply with this briefing schedule will result in the

4   dismissal of their action for failure to prosecute.

5       The initial case management conference, currently set for

6   February 8, 2011, is continued to March 22, 2011 at 2:00 p.m.

7       IT IS SO ORDERED.

8

9   Dated: 1/4/2011

10                                          CLAUDIA WILKEN
                                            United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TORRES et al,

               Plaintiff,

  v.

WELLS FARGO HOME MORTGAGE, INC. et al,

               Defendant.
_____/

Case Number: CV10-04761 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 4, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eloisa  Torres
15561 Oceanside Way
San Leandro,  CA 94579

Wesley V. Harris
15561 Oceanside Way
San Leandro,  CA 94579

Dated: January 4, 2011

               Richard W. Wieking, Clerk
               By: Nikki Riley, Deputy Clerk

**United States District Court**
For the Northern District of California

21